**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENNIS ALBA, | No. 18-16167 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-01492-EPG |
| v. | |
| COUNTY OF TULARE, California; RONALD CROUCH, Tulare County Sheriff's Deputy; DERRICK HOOD, Tulare County Sheriff's Deputy; TULARE COUNTY SHERIFF'S DEPARTMENT, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Theresa A. Goldner, Magistrate Judge, Presiding

Submitted December 3, 2019[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  SILER,*** CLIFTON, and BYBEE, Circuit Judges.

Plaintiff-Appellant Dennis Alba appeals the district court's grant of summary judgment in his action brought under 42 U.S.C. § 1983 against Tulare County, the Tulare County Sheriff's Department, and Sheriff's Deputies Ronald Crouch and Derrick Hood.  Because the parties are familiar with the facts of this case, we do not recount them here.  We review the district court's grant of summary judgment de novo, *see Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011), and affirm the decision below.

1.      Deputies Crouch and Hood are entitled to qualified immunity for any alleged constitutional violation that may have arisen from their search of Alba's trailer because it was not unreasonable for them to rely on the warrant they obtained. Qualified immunity shields law enforcement officials from liability for civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quotation marks and citation omitted).  When law enforcement officials conduct a search pursuant to a search warrant, they are generally entitled to qualified immunity unless the warrant "was so obviously

---

***      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

2

defective that no reasonable officer could have believed it was valid." *Messerschmidt v. Millender*, 565 U.S. 535, 555 (2012). Here—based on the information available to the officers at the time they obtained the warrant—the warrant was not obviously defective. *See Maryland v. Garrison*, 480 U.S. 79, 85 (1987) (holding that the validity of a warrant must be assessed based on information officers knew or had a duty to know at the time they obtained the warrant). It was based on relevant evidence of which Deputy Crouch had personal knowledge, it described the place to be searched and items to be seized with particularity, and it was signed by a neutral magistrate. Thus, Deputies Crouch and Hood are entitled to qualified immunity for their search of Alba's trailer, and summary judgment on this issue was proper.

2.     Deputies Crouch and Hood are likewise not liable for their arrest of Alba because the arrest did not violate Alba's constitutional rights. Law enforcement officials may arrest someone without an arrest warrant if they have probable cause to believe that person committed a felony. *See Carroll v. United States*, 267 U.S. 132, 156 (1925). Probable cause for a warrantless arrest "requires only a probability or substantial chance of criminal activity." *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018) (citation omitted). Here, Deputies Crouch and Hood observed that Alba exhibited multiple symptoms of methamphetamine use

when speaking to the officers on the scene. They also found multiple firearms in his possession, despite the fact that Alba was a felon prohibited from possessing firearms. They thus had probable cause to arrest him. Because the arrest was valid, summary judgment on this issue was proper.

3.      Tulare County and the Tulare County Sheriff's Department are not liable for any alleged constitutional violation resulting from Deputies Crouch and Hood's actions. "To impose liability on a local governmental entity for failing to act to preserve constitutional rights, a section 1983 plaintiff must establish: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quotation marks and citation omitted). Alba has not established that he suffered any constitutional deprivation. In any event, the Sheriff's Department's policies comply with the Constitution and Alba has not presented evidence that its practices deviated from its policies in any meaningful way. Thus, the County and the Sheriff's Department cannot be liable, and summary judgment on this issue was proper.

        **AFFIRMED**.

4